UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               Case No.: 8:17-cr-267-VMC-MAP

JOAQUIN CADAVID

_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Joaquin Cadavid's Motion for Reconsideration (Doc. # 69) and his second motion for early termination of supervised release (Doc. # 66). For the reasons that follow, the Motion for Reconsideration is denied, but the Court takes this opportunity to more fully explain its reasoning as to why it has denied Mr. Cadavid's motion for early termination of supervised release.

**I.   Background**

In April 2018, Mr. Cadavid was sentenced to time served, followed by five years of supervised release, for conspiracy to commit bank and wire fraud. (Doc. # 51). According to his presentence investigation report, Mr. Cadavid was involved in a scheme to defraud mortgage lending businesses. (PSR ¶ 13). In short, the conspirators used cash payments to entice buyers

to purchase condominium units in a particular complex and made materially false statements to the mortgage lenders on a variety of loan documents to induce the lenders to make the loans to unqualified buyers. (Id. at ¶¶ 26-28). The conspiracy caused a total loss to victims of more than $750,000. (Id. at ¶¶ 43, 45). Based on the advisory sentencing guidelines, Mr. Cadavid faced between 21 and 27 months' imprisonment. (Id. at ¶ 109). However, at the sentencing hearing, and at the request of both Mr. Cadavid and the government, the Court sentenced Mr. Cadavid to time served, five years' supervised release, and the payment of $755,325.46 in restitution, to be paid jointly and severally with his co-conspirators. (Doc. ## 50, 51).

In January 2022, with approximately 14 months left on his term of supervised release, Mr. Cadavid sought early termination of his supervised release. (Doc. # 66). He stated in support that he had complied with all conditions of supervised release, that the Probation Officer classified him as a "low risk offender," that he had engaged in "only prosocial activities (employment, close family unit, stable housing)," and that all restitution had been satisfied. (Doc. # 66 at 4-5).

Although neither the United States nor the probation officer objected to early termination of Mr. Cadavid's supervised release, the Court denied the motion on March 2, 2022, writing that: "Had Mr. Cadavid paid the restitution in full himself, the Court might be willing to see this differently. It was another defendant in another case who paid those funds. The Court departed downwards with respect to the Guidelines and imposed no jail time for Mr. Cadavid. Supervised release is part of that punishment and the Court is not willing to set it aside at this juncture." (Doc. # 68).

Mr. Cadavid now moves for reconsideration of the Court's March 2 order, pointing to his poor health and insinuating that the Court's prior order was legal error. (Doc. # 69).

## II. Discussion

Pursuant to 18 U.S.C. § 3583(e),

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Specifically, the Section 3553(a) factors that a court must consider are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (3) the need for the sentence imposed to protect the public from further crimes of the defendant; (4) the need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the kinds of sentence and sentencing range established for the applicable category of offense committed, as set forth in the Sentencing Guidelines; (6) pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

In general, in weighing the above considerations, a court need not articulate the applicability of each factor, so long as the record demonstrates that the pertinent factors were taken into account. United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009). District courts within this

Circuit have stated that "early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior." United States v. West, No. 5:00-cr-23(HL), 2011 W1 1458723, at *1 (M.D. Ga. Apr. 15, 2011) (citing United States v. Reisner, No. 4:06-cr-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008)).

Here, the Court showed Mr. Cadavid leniency at his sentencing hearing by declining to sentence him to prison time, although it would have been well within its rights to do so. Mr. Cadavid's punishment, then, consisted of (1) five years of supervised release and (2) the payment of restitution to the victims of his fraud. While the Court commends Mr. Cadavid for the restitution amount he did pay, it is undisputed that a defendant in a related case paid off the bulk of the restitution amount, thus absolving Mr. Cadavid of that responsibility. He now asks the Court to shorten the only penalty that is left – his term of supervised release. Although not explicitly stated, at the time Mr. Cadavid filed his second motion for early termination (and again upon his motion for reconsideration), the Court considered the relevant Section 3553(a) factors, especially the nature and circumstances of the offense, the need for the sentence to

afford adequate deterrence, and the need to protect the public from future crimes. See 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C). The Court weighed these factors, along with the representations made by Mr. Cadavid about his present circumstances, and it previously held — and it continues to hold now — that the interests of justice do not support early termination. Mr. Cadavid committed a serious crime and participated in a scheme that resulted in nearly $1 million worth of losses. To deter future criminal conduct and to protect the public, it is important that Mr. Cadavid be required to fulfill the entirety of his term of supervised release.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Joaquin Cadavid's Motion for Reconsideration (Doc. # 69) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of June, 2022.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE